The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRIMA KK DIVITIAE CORP.,

Plaintiff,

v.

AMAZON.COM SERVICES LLC, *et al.*,

Defendants.

NO. 25-cv-1243-BJR

**ORDER DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD**

## I. INTRODUCTION

This matter comes before the Court on Petitioner Prima KK Divitiae Corp.'s ("PKK" or "Petitioner") Motion to Vacate the Final Arbitration Award, ECF No. 12, and Respondents Amazon.com Services LLC and Amazon.com, Inc.'s (collectively, "Amazon") Cross-Motion to Confirm the Arbitration Award, ECF No. 13. PKK seeks review and vacatur—or modification—of a Final Award issued by American Arbitration Association (AAA) Arbitrator Marcia J. Busching in favor of Amazon. ECF Nos. 1, 12, 12-1. Having reviewed the materials[1] and the relevant legal

[1] Including PKK's Petition, ECF No. 1; PKK's Motion to Vacate Arbitration Award, ECF No. 12; Amazon's Cross-Motion to Confirm Arbitration Award, ECF No. 12; PKK's Reply, ECF No. 15; and Amazon's Reply, ECF No. 16; together with attached exhibits.

authorities, the Court DENIES PKK's motion to vacate and GRANTS Amazon's cross-motion to confirm the Award. The reasoning for the Court's decision follows.

## II. BACKGROUND

PKK is a Panamanian corporation that previously sold products on Amazon's online store. PKK's Petition ("Pet.") ¶ 3, ECF No. 1. To become a third-party seller on Amazon, PKK agreed to Amazon's Business Solutions Agreement ("BSA"). *Id.* ¶ 10. Section 2 of that agreement provides that Amazon may permanently withhold funds to sellers if Amazon determines the seller account "has been used to engage in deceptive, fraudulent, or illegal activity" or to "repeatedly violate" Amazon's policies. *Id.* ¶ 14; *see also* BSA at 3, ECF No. 14-1.

When Petitioner opened its Amazon seller account, it disclosed only Mr. Alexey Kozyrev as its owner. Amazon Risk Manager Kyle Dudley Decl. ("Dudley Decl.") ¶¶ 9–11, ECF No. 12-7. In 2022, Amazon flagged PKK's account as using the same phone number as approximately 580 other seller accounts, which is one of Amazon's indicia of identity fraud. *Id.* ¶¶ 13–14. In October 2022, Mr. Kozyrev was required to participate in a video interview as part of Amazon's identity verification process. *Id.* ¶ 19. Because Mr. Kozyrev, who appeared with a translator, demonstrated "little to no knowledge of the account information or operational details," Amazon proceeded to suspend PKK's account in November 2022, citing concerns over allegedly fraudulent or deceptive conduct on its platform. *Id.* In so doing, Amazon withheld $45,404.87, which was the remaining amount of the sales proceeds in PKK's account at the time. Pet. ¶ 11. PKK attempted to appeal the deactivation to Amazon directly, to no avail. *See* ECF No. 14-4. In the appeals process, it became apparent that PKK had a second owner, Mr. Artjoms Kazakovs. *See id.* at 2; Dudley Decl. ¶ 21.

In June 2024, PKK filed a demand for arbitration with the AAA, asserting claims for breach of contract, conversion, unjust enrichment, unfair trade practice under Washington's Consumer Protect Act ("CPA"), and Amazon's Lost and Damaged Inventory policy. *See generally*, PKK's Arbitration Demand ("Demand"), ECF No. 12-2. PKK contended that Amazon breached the BSA by failing to remit the net proceeds of its online sales, and that the company unlawfully converted the proceeds for its own use. *Id.* ¶ 35–48. In April 2025, Arbitrator Busching issued a four-page Final Award in Amazon's favor, denying all of PKK's claims and ordering each party to bear their own attorneys' fees and costs. Final Award, ECF No. 12-1. PKK now moves to vacate or modify that award. Motion to Vacate the Final Arbitration Award, ECF No. 12.

## III. LEGAL STANDARD

The Court's review of an arbitration decision is "limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (internal quotation omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify a federal court review of an arbitral award under the [Federal Arbitration Act ("FAA")], which is unambiguous in this regard." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs.*, 341 F.3d 987, 994 (9th Cir. 2003)). The burden of establishing grounds for vacating an arbitration award is on the party seeking it. *See Emps. Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1489 (9th Cir. 1991). The Court "must" confirm an award unless it vacates, modifies, or corrects the award. *Bosack*, 586 F.3d at 1102 (9th Cir. 2009) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

## IV. ANALYSIS

As a preliminary matter, the Court has subject matter jurisdiction to review the underlying arbitration award. *See Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1133 (9th Cir. 2022) (holding that federal district courts have jurisdiction over actions falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and "without regard to the amount in controversy"); *see also HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1239 (9th Cir. 2022).

The FAA enables courts to vacate an arbitration award where, among other reasons, "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). An arbitrator exceeds their powers when the award is " 'completely irrational' or 'constitutes manifest disregard of the law.' " *Comedy Club, Inc.*, 553 F.3d at 1288 (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)).

### A. Whether Amazon Could Retain the Withheld Funds Was Properly Submitted to the Arbitrator.

PKK first argues that the Arbitrator improperly awarded damages to Amazon for breach of contract because Amazon did not file a counterclaim. Mot. to Vacate at 10–11; PKK's Reply at 9. Amazon counters that it was not required to file a counterclaim and that the Arbitrator simply concluded that Amazon acted within its rights to withhold the sales proceeds in PKK's account, which differs from awarding it damages. Cross-Motion at 21; Amazon's Reply at 13–14.

Generally, a federal court may modify or correct an award "[w]here the arbitrators have awarded upon a matter not submitted to them." 9 U.S.C. § 11(b). The Court has reviewed the parties' arbitration briefings and concludes that the question of whether Amazon could continue

holding the sales proceeds in PKK's account was properly submitted to the Arbitrator. *See* PKK's Arbitration Submissions, ECF No. 12-4; Amazon's Arbitration Submissions, ECF No. 12-7. PKK filed a claim for conversion that the Arbitrator ultimately rejected, *see* PKK's Arbitration Submissions at 20, and Amazon asked the Arbitrator to interpret the BSA as authorizing Amazon to "permanently withhold" payment to PKK, Amazon's Arbitration Submissions at 17. Accordingly, the Arbitrator acted within the scope of her authority in permitting Amazon to retain the funds it withheld.

**B. The Arbitrator Did Not Exceed Her Authority When Interpreting Section 2 of the BSA.**

PKK takes issue with the Arbitrator's determination that Section 2 of the BSA is an enforceable liquidated damages clause. PKK argues that her decision was both completely irrational and made in manifest disregard of the law. Mot. to Vacate at 11–14. The Court disagrees.

**1. The Arbitrator's Decision Enforcing Section 2 Was Rational.**

PKK argues that the Arbitrator's conclusion that Section 2 of the BSA was enforceable was completely irrational because it was not grounded in the parties' agreement. Mot. to Vacate at 11–14; PKK's Reply at 3–6. Specifically, PKK contends that the BSA "makes no provision for the disclosure of all corporate principals." Mot. to Vacate at 13. Amazon responds that the BSA incorporates Amazon's Program Policies, which include its Seller Code of Conduct and the Funds Withholding Policy. Cross-Mot. at 7; *see also* BSA; ECF Nos. 14-2; 14-3.

An award may be vacated if it is "completely irrational," which is an "extremely narrow" standard that "is satisfied only 'where [the award] fails to draw its essence from the agreement.' " *Comedy Club,* 553 F.3d at 1288 (citing *Hoffman v. Cargill Inc.,* 236 F.3d 458, 461–62 (8th Cir. 2001)) (alterations in *Comedy Club*). "An award 'draws its essence from the agreement if the award

is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions.' " *Bosack*, 586 F.3d at 1106 (quoting *McGrann v. First Albany Corp.,* 424 F.3d 743, 749 (8th Cir. 2005)). A court may vacate an arbitration award if it finds that the arbitrator "disregard[ed] contract provisions to achieve a desired result." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1167 (9th Cir. 2019); *see also Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (citation omitted) ("It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] [her] own brand of industrial justice' that [her] decision may be unenforceable.' ").

The Court finds that the Arbitrator here did not stray from interpreting and applying the parties' agreement, and that her determination drew its essence from the agreement because it was grounded in the BSA. The BSA's Section P-4 provides that third-party sellers are required to "update all Seller Account Information upon any change." BSA at 32. The record reflects that PKK did not reveal the second shareholder's involvement until after it failed the video interview and its account was subsequently suspended. *See* ECF No. 14-4. Thus, the Arbitrator reasoned that PKK's failure to disclose both of its shareholders to Amazon was a "clear violation of the BSA." Final Award at 4.

**2. The Arbitrator's Decision Enforcing Section 2 Did Not Exhibit Manifest Disregard of the Law.**

PKK faults the Arbitrator for not expressly citing Washington law to determine whether Section 2 of the BSA was an enforceable liquidated damages clause or an unlawful penalty clause. Mot. to Vacate at 15–16. PKK argues that this amounts to a manifest disregard of the law.

To constitute manifest disregard of the law, "'[i]t must be clear from the record that the arbitrator [ ] recognized the applicable law and then ignored it.' " *Comedy Club,* 553 F.3d at 1290

(quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir.1995)) (alterations in *Comedy Club*). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Bosack*, 586 F.3d at 1104 (alteration in original) (quotations omitted). "The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 934 (2d Cir. 1986)).

PKK identified the applicable law for determining whether a liquidated damages clause is valid, as that derived from *Watson v. Ingram*, where the Washington Supreme Court provided these two factors: "First, the amount fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm must be such that it is incapable or very difficult of ascertainment." 881 P.2d 247, 249 (Wash. 1994). PKK is correct that the Arbitrator did not explicitly cite this case. *See generally* Final Award. But as Amazon points out, the Arbitrator's discussion of Section 2 "mirrors the two-part test in *Watson*[.]" Cross-Mot. at 13. The Arbitrator concluded that "the harm caused by a seller failing to comply with the policies concerning maintaining current information regarding identity is very difficult, if not impossible, to quantify[,]" and that Amazon's "[w]ithholding" of PKK's "most recent fourteen days of accrued proceeds is a reasonable approximation of damages and appropriate compensation for [Amazon]." Final Award at 3. The Arbitrator not explicitly citing the *Watson* test does not satisfy the high standard for vacatur. Thus, PKK did not identify a well-defined, explicit, and clearly applicable law that the

Arbitrator recognized and proceeded to ignore.[2] The Court finds that PKK merely disagrees with the Arbitrator's decision, which is not a proper basis for vacatur.

**C. The Arbitrator's Factual Errors Are Not Grounds For Vacatur.**

PKK argues that the Arbitrator made two factual errors. Neither provides a basis for vacatur, as factual errors may not render an arbitration award completely irrational. *See Bosack*, 586 F.3d at 1106–07.

Courts' review of factual errors in the arbitration context is "even more deferential" than its review of legal errors. *VIP Mortg. Inc. v. Gates*, 162 F.4th 1010, 1013 (9th Cir. 2025). Courts have recognized the "legally dispositive fact" exception, which "applies if (1) the factual error was so critical to the disputed legal issue that it determined the outcome of that issue, and (2) the fact was so obvious and undisputed that the arbitrator must have known about it when she decided the legal issue." *Id.* at 1015. Neither applies here.

First, when summarizing the factual background in her decision, the Arbitrator wrote that the PKK company dissolved when in reality, it was only the partnership between the two shareholders that dissolved at that time. Final Award at 1; Mot. to Vacate at 12. But whether it was the company or the partnership that dissolved is not a legally dispositive fact. Rather, the dissolution was an ancillary matter in the arbitration that did not bear on whether PKK breached the BSA. And courts "must accept the arbitrators' findings of fact" as "[e]rrors of fact do not generally constitute

[2] PKK describes the Arbitrator's analysis as improperly finding certain District Court cases to be "binding precedent." Mot. to Vacate at 12. However, the Court observes that the Arbitrator did not describe the cases as such. *See* Final Award at 3–4 (citing *Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC*, No. 23-cv-3334, 2023 WL 7327140 (S.D.N.Y. Nov. 7, 2023) and *Yunnan Duobang Network Tech. Co. v. Amazon.com Servs. LLC*, No. 23-cv-1137, 2023 WL 8717180 (W.D. Wash. Dec. 18, 2023).

manifest disregard of law." *HayDay Farms*, 55 F.4th at 1241 (quoting *Carter v. Health Net of Cal., Inc.*, 374 F.3d at 838) (quotations omitted).

Second, PKK insists the Arbitrator misstated that the withheld amount represents two weeks of accrued proceeds, when, according to PKK, the amount represents the entirety of their proceeds. Mot. to Vacate at 8. Given that the BSA requires Amazon to remit sales proceeds to third-party sellers every 14 days, the Court finds it was reasonable for the Arbitrator to make the factual determination that the amount in PKK's account at the time of suspension reflects 14 days of accrued sales proceeds. *See* BSA at 19 (Section S-5).

Neither factual error identified by PKK concerned a "legally dispositive fact" that would justify vacatur.

**D. The Arbitrator's Rejection of PKK's Request for Attorney's Fees Pursuant to the CPA Was Not in Manifest Disregard of the Law.**

PKK argues that the Arbitrator erred when she ordered party to bear their own attorneys' fees and costs. Mot. to Vacate at 16–18. In PKK's view, the Arbitrator ignored its CPA claim that Amazon's withholding of the sales proceeds in its account under Section 2 of the BSA was itself "an unfair, deceptive and fraudulent practice" in violation of Washington's consumer protection law. *Id.* at 18. As such, PKK argues that the Arbitrator manifestly disregarded the law for failing to expressly rule on its CPA claim and to award fees and costs to PKK.

The Court agrees with Amazon that the Arbitrator did not fail to make a ruling on PKK's CPA claim. Cross-Mot. at 12, 23. On the contrary, the Arbitrator mentioned the CPA claim when summarizing PKK's Demand and indicated that she denied all of PKK's claims. *See* Final Award at 2, 4 ("For the reasons stated above, I deny Claimant's claims in their entirety."). The Arbitrator found that Section 2 of the BSA was valid and enforceable. It would have been totally inconsistent

for her to have found that Amazon's enforcement of Section 2 of the BSA was an unfair, deceptive or fraudulent practice that ran afoul of the CPA. *See ENH LLC v. Amazon.com Servs. LLC*, No. 24-cv-2082, 2025 WL 1447514, at *5 (W.D. Wash. May 20, 2025). Therefore, the Award correctly reflects that PKK did not prevail on its CPA claim and is not entitled to attorney's fees and costs.

For the same reason, the Court rejects PKK's contention that the Arbitrator disregarded the law in not addressing PKKs arguments as to the unconscionability of Section 2 of the BSA. Mot. to Vacate at 14; PKK's Reply at 8. In concluding that "Amazon acted within its rights" under the BSA, the Arbitrator implicitly rejected PKK's argument that Section 2 is unconscionable. Final Award at 4.

**E. The Arbitration Award Must Be Confirmed.**

Accordingly, PKK has failed to establish any ground for vacating or modifying the Arbitration Award. The Award is hereby CONFIRMED.

## V. CONCLUSION

For the foregoing reasons:

1. PKK's motion to vacate the arbitration award (ECF Nos. 1 and 12) is DENIED;
2. Amazon's cross-motion to confirm the award (ECF No. 13) is GRANTED; and
3. This case is DISMISSED with prejudice.

DATED this 17th day of November 2026.

Barbara J Rothstein

Barbara Jacobs Rothstein
United States District Judge